NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0260n.06

No. 12-5414

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 13, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOHN B., et al., | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| MARK EMKES, Commissioner, Tennessee | ) THE MIDDLE DISTRICT OF |
| Department of Finance and Administration, et al., | ) TENNESSEE |
| | ) |
| Defendant-Appellee. | ) |
| | ) |
| | ) |

Before:  ROGERS, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  This case arises from a dispute over Tennessee's Medicaid program, known as TennCare.  During that dispute, the district court sanctioned TennCare under Fed. R. Civ. P. 37 for failing to comply with its discovery orders.  We later reassigned the case to a new district-court judge.  On remand, the district court found the sanctions order unjustified, and vacated it.  The plaintiffs' appeal that decision.  We affirm.

In 1998, the plaintiffs filed a class-action suit alleging that TennCare had violated the Medicaid Act.  The parties promptly entered into a consent decree.  Eight years later, District Court Judge William J. Haynes, Jr. ordered discovery to determine whether TennCare was in compliance with the decree.  During that process, the plaintiffs filed two motions to compel, which the district

court granted. The plaintiffs then filed two motions for sanctions under Fed. R. Civ. P. 37, which the court granted as well. Finally, the plaintiffs applied for attorney's fees that resulted from the motion to compel, and TennCare filed a response in opposition. The court did not rule on the plaintiffs' application.

Around the same time, TennCare filed a motion to vacate the consent decree. The district court denied that motion. On appeal, TennCare asked this court to reassign the case to a new district-court judge. We granted that request, finding that the court had created a situation that "combine[d] serious management failures, fundamental misunderstandings that potentially prejudice[d] defendants, and a developing adversarial relationship between the judge and the defendants." *John B. v. Goetz*, 626 F.3d 356, 365 (6th Cir. 2010). The case was then reassigned to Judge Thomas A. Wiseman, Jr.

On remand, the district court addressed the plaintiffs' unresolved application for attorney's fees. The court first construed TennCare's response in opposition to that application as a motion to reconsider the sanctions order. The court then said that it had reviewed the record and decided that the sanctions order was unjustified. *See* Mem. and Order at 4. Thus, the court vacated the order. We review this decision for an abuse of discretion. *See United States v. Cunningham*, 679 F.3d 355, 376–77 (6th Cir. 2012).

The plaintiffs make three arguments on appeal. First, the plaintiffs argue that the district court applied the wrong legal standard when it vacated the sanctions order without identifying "(1) an intervening change of controlling law; (2) new evidence . . . ; or (3) a need to correct a clear error or prevent injustice." But we have repeatedly refused to put these kinds of limitations on the

district court's discretion. *See, e.g.*, *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). To the contrary, we have said that "[i]t is within the sole discretion of a court to determine if a prior ruling should be reconsidered." *Id.* Here, the court did not apply the wrong legal standard.

Second, the plaintiffs argue that the district court's order was too conclusory to allow for meaningful appellate review. A court's order is too conclusory only if it does not "give us a clear understanding of the analytical process by which ultimate findings were reached and to assure us that the trial court took care in ascertaining the facts." *Gonzales v. Galvin*, 151 F.3d 526, 532 (6th Cir. 1998).

We understand perfectly well the analytical process by which the court reached its decision here. In its order, the court found that the sanctions order was based on Judge Haynes's belief that TennCare had not cooperated with his discovery orders. Mem. and Order at 3. But the court recognized that "the record lack[ed] evidence that defendants [had] intentionally destroyed relevant [information] in the past, and nothing in the record indicate[d] that defendants [were] unwilling, or [would] refuse, to preserve and produce all relevant [information] in the future." *Id.* (quoting *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008)). Moreover, the court recognized that the very reason we ordered the case reassigned was that "[t]he district court's skewed view of the actual state of the record with regard to defendants' noncompliance with the consent decree [had] create[d] an appearance that its judgment could be flawed with respect to defendants' compliance with discovery." *Id.* at 1–2 (quoting *John B.*, 626 F.3d at 364). Thus the court made its reasoning clear: the court vacated the sanctions order because it did not agree that TennCare had violated Judge Haynes's discovery orders. The plaintiffs' second argument is meritless.

Finally, the plaintiffs argue that the district court erred when it denied their application for attorney's fees because both Rule 37(a)(5)(A) and Rule 37(b)(2)(C) make the award of those fees mandatory. Both rules provide, however, that the court should not order the payment of attorney's fees if doing so would be "unjust." *See* Fed. R. Civ. P. 37(a)(5)(A), 37(b)(2)(C). Here, the district court vacated the sanctions order precisely because that order was "unjustified"; and that finding was patently correct. So this argument too is meritless.

The district court's judgment is affirmed.